**MEHTANI LAW OFFICES, P.C.**
AANAND MEHTANI (SBN 254556)
9171 Wilshire Blvd., Ste. 500
Beverly Hills, California 90210
Telephone: 310-776-3590
Facsimile: 310-776-3600
amehtani@mehtanilaw.com

Attorneys for Plaintiff,
Kanisha Morning

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANISHA MORNING, an individual, | Case No. |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| vs. | **COMPLAINT** |
| UNITED VETERINARY CARE CA, INC., a Delaware corporation; and DOES 1 through 10, inclusive, | **1. INTERFERENCE WITH RIGHTS AFFORDED BY THE FAMILY MEDICAL LEAVE ACT ("FMLA")** |
| Defendants. | **2. RETALIATION IN VIOLATION OF FMLA** |
| | **3. DISCRIMINATION IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT ("FEHA")** |
| | **4. RETALIATION IN VIOLATION OF FEHA** |
| | **5. FAILURE TO PREVENT VIOLATIONS OF FEHA;** |
| | **6. INTERFERENCE WITH RIGHTS AFFORDED BY THE CALIFORNIA FAMILY RIGHTS ACT ("CFRA")** |
| | **7. RETALIATION IN VIOLATION OF CFRA** |
| | **8. WRONGFUL TERMINATION** |

Plaintiff KANISHA MORNING ("Plaintiff" or Morning") hereby brings this Complaint against defendant UNITED VETERINARY CARE CA, INC. and DOES 1 through 10, inclusive (collectively, "Defendants") and alleges the following on knowledge as to himself and his known acts, and on information and belief as to all other matters:

## I.

## JURISDICTION AND VENUE

1. Federal diversity jurisdiction exists pursuant to 28 U.S.C. section 1332 because Plaintiff is a citizen of a different state than the Company and because the amount in controversy exceeds $75,000. Plaintiff is a citizen of California. Defendant is a citizen of Delaware and Florida. Federal court jurisdiction is also proper under 28 U.S.C. section 1331 because Plaintiff has alleged violations of Federal law. Supplemental jurisdiction over all State law claims alleged herein is proper under 28 U.S.C. section 1367.

2. Venue in this district is proper pursuant to 28 U.S.C. section 1391 because a substantial part of the events or omissions on which the claim is based occurred in the Eastern District of California.

3. At all times mentioned herein, California Government Code Section 12900, *et seq*., was in full force and effect, and was binding upon Defendants.

4. On or about January 20, 2024, and within the time provided by law, Plaintiff filed charges of discrimination and retaliation with the California Department of Fair Employment and Housing ("DFEH") and received a "Right to Sue" Notice from them, which is attached hereto as Exhibit A and incorporated to the FACTUAL ALLEGATIONS section below by reference.

## II.

## PARTIES

5. Plaintiff was employed by Defendant in California.

6.     The true names or capacities, whether individual, governmental, corporate, associate or otherwise, of DOES 1-10, inclusive, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names.  Plaintiff is informed and believes, and hereon alleges, that each of the defendants designated herein as DOE is legally responsible in some manner (as the agent, partner and/or employee of the co-defendant) for the events and happenings herein referred to and in doing the actions mentioned below was acting individually and as an agent of named Defendants.  Plaintiff will amend this Complaint to allege the true names and capacities of such defendants when they are ascertained.

7.     Plaintiff is informed and believes, and hereon alleges, that at all times relevant herein, each of the Defendants was the agent, employee, supervisor, servant, alter ego and/or joint venturer of each of the remaining Defendants, and in doing the things hereafter alleged, each Defendant was acting within the course, scope and authority of such agency, employment, and/or joint venture, and with the consent and permission of each of the other Defendants.  Plaintiff is informed and believes, and hereon alleges that all actions of each Defendant alleged in the causes of action in which this paragraph is incorporated by reference were ratified and approved by the officers and/or managing agents of every other Defendant.

**III.**

**FACTUAL ALLEGATIONS**

8.     Plaintiff started working for the Company in or around mid-2022 as a customer service representative in Solano County.

9.     Over the course of the next year, Plaintiff worked full-time (*i.e.,* at least 40 hours per week), and therefore had rights under both FMLA and its California counterpart, CFRA, and she also had rights under FEHA.

10.     In or around late July 2023, Plaintiff requested intermittent leave to deal with a serious health condition and disability.  Such condition was chronic and limited

major life activities including sleeping, sitting, standing, and working, among others. The condition was a chronic irregularities and diseases related of Plaintiff's skin, scalp and cranium (*e.g.*, seborrheic dermatitis) that caused various chronic symptoms including debilitating pain and headaches, nausea, photophobia and phonophobia. Plaintiff also suffered from mental health issues including chronic stress and anxiety diagnosed by a healthcare professional and she sought her intermittent leave for such conditions as well.

11. Plaintiff understood that her request had been approved for intermittent leave of up to 2 days per week.

12. However, after Plaintiff started using such intermittent leave, she was fired on or around October 4, 2023, just 2-3 months later – and less than 90 days later. She was told that she was being fired because of absences and because those absences were no longer covered by any protected leave. Indeed, they should have been covered by the various laws set forth herein including FMLA, CFRA, and FEHA.

13. Plaintiff's superior and Company Director, Thomas Biasotti delivered the termination and explained the reasons therefor as stated above.

14. The misconduct, as described this Section III, was performed or ratified by managing agents of the Company ("Managing Agents") including but limited to Biassotti. The Managing Agents were each responsible for overseeing a substantial portion of the Company's business operations, and each exercised substantial discretionary authority over vital aspects of such operations, including making significant decisions that affect the Company's internal policies. The Managing Agents engaged in malicious, fraudulent, and oppressive conduct that justifies an award of punitive damages.

15. In committing the foregoing acts, the Managing Agents willfully disregarded Plaintiff's right to be free from unlawful discrimination and retaliation.

Mehtani Law Offices, P.C.

16.     In committing the foregoing acts, the Managing Agents acted despicably and subjected Plaintiff to cruel and unjust hardship in conscious disregard for Plaintiff's rights under California law.

17.     In committing the foregoing acts, the Managing Agents intended to cause emotional and financial injury to Plaintiff.

## IV.

## FIRST CAUSE OF ACTION

### (Interference with FMLA Rights)

### (On Behalf of Plaintiff Against All Defendants)

18.     Plaintiff realleges and incorporates by reference paragraphs 1-17, inclusive, of this Complaint as though fully set forth herein.

19.     The FMLA requires that an employer provided intermittent leave to an employee who needs such time to tend to her own serious medical condition, if she qualifies for protection under the ACT. 29 U.S.C. § 2614. FMLA's prohibition against interference is codified in section 2615. *See also* 29 C.F.R. § 825.220.

20.     As more fully set forth above in paragraphs 8-13, following Plaintiff's request for and attempt to take a leave pursuant to the FMLA, Defendant fired her for protected absences.

21.     As a proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof.

22.     The FMLA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

23.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

**V.**

**<u>SECOND CAUSE OF ACTION</u>**

**(Retaliation in Violation of FMLA)**

**(On Behalf of Plaintiff Against All Defendants)**

24.     Plaintiff realleges and incorporates by reference paragraphs 1-23, inclusive, of this Complaint as though fully set forth herein.

25.     The FMLA requires that an employer provided intermittent leave to an employee who needs such time to tend to her own serious medical condition, if she qualifies for protection under the ACT. 29 U.S.C. § 2614. FMLA's prohibition against interference in Section 2615 includes a prohibition against retaliating or discriminating against an employee for requested leave.  *See also* 29 C.F.R. § 825.220.

26.     As more fully set forth above in paragraphs 8-13, following Plaintiff's request for and attempt to take a leave pursuant to the FMLA, Defendant fired her in retaliation for requesting and taking protected absences.

27.     As a proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof.

28.     The FMLA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

29.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

# VI.

## THIRD CAUSE OF ACTION

### (Discrimination in Violation of the FEHA)

### (On Behalf of Plaintiff Against All Defendants)

30. Plaintiff realleges and incorporates by reference paragraphs 1-29, inclusive, of this Complaint as though fully set forth herein.

31. Defendants discriminated against Plaintiff on the basis of disability, through numerous illegal acts, including, without limitation, terminating her employment as set forth in Paragraphs 8-13 above. Defendants and its employees had animus towards Plaintiff on account of his disability.

32. As a proximate result of the conduct of Defendants, Plaintiff suffered and continues to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

33. The act of oppression, fraud, and/or malice were engaged in by employees and Managing Agents of Defendants. Defendants had advance knowledge of the unfitness of each employee and/or agent who acted with oppression, fraud, and/or malice, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, and/or malice. The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, and/or malice was committed by or on part of an officer, director, or managing agent of Defendants, thereby entitling Plaintiff to punitive and exemplary damages against Defendants in accordance with California Civil Code section 3294 in a sum appropriate to punish and make an example out of Defendants.

34.     FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein.  Plaintiff is entitled to an award of attorneys' fees and costs.

35.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

## VII.

## <u>FOURTH CAUSE OF ACTION</u>

## (Retaliation in Violation of the FEHA)

## (On Behalf of Plaintiff Against All Defendants)

36.     Plaintiff realleges and incorporates by references paragraphs 1-35, inclusive, of this Complaint as though fully set forth herein.

37.     California Government Code section 12940(h) makes it an unlawful employment practice for an employer to "discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under [the FEHA] or because the person has filed a complaint, testified, or assisted in any proceeding under [the FEHA]."

38.     California Government Code section 12940(m)(2) makes it unlawful for an employer to "retaliate or otherwise discriminate against a person for requesting accommodation" for a "known physical or mental disability", "regardless of whether the request was granted."

39.     As set forth in paragraphs 8-13 above, Defendant retaliated against Plaintiff for her requests for a disability leave of absence.

40.     As a proximate result of the conduct of Defendants, Plaintiff suffered and continues to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof.  Plaintiff has also suffered and will continue to suffer

Mehtani Law Offices, P.C.

physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

41. The act of oppression, fraud, and/or malice were engaged in by employees and Managing Agents of Defendants. Defendants had advance knowledge of the unfitness of each employee and/or agent who acted with oppression, fraud, and/or malice, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, and/or malice. The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, and/or malice was committed by or on part of an officer, director, or managing agent of Defendants, thereby entitling Plaintiff to punitive and exemplary damages against Defendants in accordance with California Civil Code section 3294 in a sum appropriate to punish and make an example out of Defendants.

42. FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

43. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

## VIII.

## FIFTH CAUSE OF ACTION

**(Failure to Prevent Discrimination and Retaliation in Violation of the FEHA)**

**(On Behalf of Plaintiff Against All Defendants)**

44. Plaintiff realleges and incorporates by reference paragraphs 1-43, inclusive, of this Complaint as though fully set forth herein.

45. California Government Code section 12940(k) makes it an unlawful

employment practice for an employer to "fail to take all reasonable steps to prevent discrimination . . . from occurring." This provision also makes it unlawful for an employer to fail to prevent retaliation. *See, e.g., Ortiz v. Georgia Pacific* (E.D. Cal. 2013) 973 F.Supp.2d 1162, 1184 (citing *Taylor v. City of Los Angeles Dep't of Water & Power* (2006) 144 Cal.App.4th 1216, 1240). Defendants violated this provision by failing to prevent discrimination and retaliation against Plaintiff as described in paragraphs 8-13 above.

46. As a proximate result of the entity Defendants' conduct, Plaintiff suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

47. The FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

48. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

## IX.

## SIXTH CAUSE OF ACTION

### (Interference with CFRA Rights)

### (On Behalf of Plaintiff Against All Defendants)

49. Plaintiff realleges and incorporates by reference paragraphs 1-48 inclusive, of this Complaint as though fully set forth herein.

50. California Government Code section 12945.2(c)(3)(C) extends leave of absence rights to employees suffering a "serious health condition" that makes the

Mehtani Law Offices, P.C.

employee unable to perform the functions of his position. *See also* 2 Cal. C. Regs. § 11087(q).

51.     The California Code of Regulations defines a "serious health condition" to mean "an illness, injury (including but not limited to, on-the-job injuries), impairment, or physical or mental condition of the employee or a child, parent, or spouse of the employee that involves either inpatient care or continuing treatment, including, but not limited to, treatment for substance abuse." 2 Cal. C. Regs. § 11087(q).

52.     California Government Code section 12945.2(l) makes it an unlawful employment practice for an employer "to discharge… or discriminate against, any individual because of … [a]n individual's exercise of the right to family care and medical leave."

53.     The Company discharged and discriminated against Plaintiff and ultimately terminated Plaintiff's employment because she exercised her right to a medical leave covered by the CFRA. Following Plaintiff's request for medically necessary leave, the Company retaliated against her by firing her.

54.     Plaintiff's taking of protected medical leave was a substantial motivating reason for the Company's termination of Plaintiff's employment.

55.     As a proximate result of Defendant's conduct, Plaintiff suffered and continues to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained in trial.

56.     The act of oppression, fraud, and/or malice were engaged in by employees and Managing Agents of Defendants. Defendants had advance knowledge of the unfitness of each employee and/or agent who acted with oppression, fraud, and/or malice, and/or authorized or ratified the wrongful conduct for which an award of punitive

damages is sought, and/or was personally guilty of oppression, fraud, and/or malice. The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, and/or malice was committed by or on part of an officer, director, or managing agent of Defendants, thereby entitling Plaintiff to punitive and exemplary damages against Defendants in accordance with California Civil Code section 3294 in a sum appropriate to punish and make an example out of Defendants.

57. CFRA provides for reasonable attorneys' fees and costs to a prevailing plaintiff, and plaintiff will spend such fees and costs in this case and is entitled to reimbursement of them.

58. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

## X.

### SEVENTH CAUSE OF ACTION

**(Retaliation in Violation of CFRA)**

**(On Behalf of Plaintiff Against All Defendants)**

59. Plaintiff realleges and incorporates by reference paragraphs 1-58 inclusive, of this Complaint as though fully set forth herein.

60. California Government Code section 12945.2(c)(3)(C) extends leave of absence rights to employees suffering a "serious health condition" that makes the employee unable to perform the functions of his position. *See also* 2 Cal. C. Regs. § 11087(q).

61. The California Code of Regulations defines a "serious health condition" to mean "an illness, injury (including but not limited to, on-the-job injuries), impairment, or physical or mental condition of the employee or a child, parent, or spouse of the employee that involves either inpatient care or continuing treatment, including, but not limited to, treatment for substance abuse." 2 Cal. C. Regs. § 11087(q).

62. California Government Code section 12945.2(l) makes it an unlawful employment practice for an employer "to discharge… or discriminate against, any individual because of … [a]n individual's exercise of the right to family care and medical leave."

63. The Company retaliated, discharged, and discriminated against Plaintiff and ultimately terminated Plaintiff's employment because she exercised her right to a medical leave covered by the CFRA. Following Plaintiff's request for medically necessary leave, the Company retaliated against her by firing her.

64. Plaintiff's request for medical leave was a substantial motivating reason for the Company's termination of Plaintiff's employment.

65. As a proximate result of Defendant's conduct, Plaintiff suffered and continues to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained in trial.

66. The act of oppression, fraud, and/or malice were engaged in by employees and Managing Agents of Defendants. Defendants had advance knowledge of the unfitness of each employee and/or agent who acted with oppression, fraud, and/or malice, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, and/or malice. The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, and/or malice was committed by or on part of an officer, director, or managing agent of Defendants, thereby entitling Plaintiff to punitive and exemplary damages against Defendants in accordance with California Civil Code section 3294 in a sum appropriate to punish and make an example out of Defendants.

67. CFRA provides for reasonable attorneys' fees and costs to a prevailing plaintiff, and plaintiff will spend such fees and costs in this case and is entitled to reimbursement of them.

68. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

## XI.

## **EIGHTH CAUSE OF ACTION**

### **(Wrongful Termination in Violation of Public Policy)**

### **(On Behalf of Plaintiff Against All Defendants)**

69. Plaintiff realleges and incorporates by reference paragraphs 1-68, inclusive, of this Complaint as though fully set forth herein.

70. As set forth in paragraphs 8-13 above, Plaintiff's employment was terminated because of his complaints about discrimination and racism as well as his complaints about wage theft, vacation use it or lose it policies, failure to provide accurate wage statements and other various violations of the Labor Code.

71. Thus, Defendants terminated Plaintiff's employment in violation of important and well-established public policies, set forth in various state statutes and Constitutional provisions including but not limited to the Fair Employment & Housing Act, the California Constitution, FMLA, and CFRA.

72. As a proximate result of the conduct of Defendants, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nightmares, nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

73. The acts of oppression, fraud, and/or malice, were engaged in by employees and Managing Agents of Defendants. Defendants had advance knowledge of the

unfitness of each employee who acted with oppression, fraud, and/or malice, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, and/or malice. The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, and/or malice was committed by or on part of an officer, director, or managing agent of each of the Defendant employers, thereby entitling Plaintiff to punitive and exemplary damages against each Defendant employer in accordance with California Civil Code section 3294 in a sum appropriate to punish and make an example out of Defendants.

74. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

///

COMPLAINT

**Mehtani Law Offices, P.C.**

## **PRAYER FOR RELIEF**

As to All Causes of Action

1. For general damages, including emotional distress damages, according to proof on each cause of action for which such damages are available.

2. For special damages, according to proof on each cause of action for which such damages are available.

3. For compensatory damages, including emotional distress damages, according to proof on each cause of action for which such damages are available.

4. For declaratory and injunctive relief, as appropriate.

5. For punitive damages, as appropriate.

6. For pre-judgment interest and post-judgment interest according to law.

7. For reasonable attorneys' fees incurred in this action pursuant to without limitation, FEHA, CFRA, FMLA, and Civil Code section 1021.5.

8. For costs of suit incurred in this action.

9. Prior to the adjudication of any cause of action in this matter, a finding that a presumption of retaliation exists because Plaintiff exercised her leave within 90 days of making requests to do so.

10. For such other and further relief and the Court deems proper and just.

Dated:  January 20, 2024   MEHTANI LAW OFFICES, P.C.

By: _____
AANAND MEHTANI

Attorneys for Plaintiff
KANISHA MORNING

EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

January 20, 2024

Aanand Mehtani
Mehtani Law Offices, 9171 Wilshire Blvd., Ste. 500
Beverly Hills, CA 90210

RE:     **Notice to Complainant's Attorney**
        CRD Matter Number: 202401-23332621
        Right to Sue: Morning / United Veterinary Care CA, Inc. et al.

Dear Aanand Mehtani:

Attached is a copy of your **amended** complaint of discrimination filed with the Civil
Rights Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq.

Pursuant to Government Code section 12962, CRD will not serve these documents on
the employer.  You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original
complaint.  This is not a new Right to Sue letter.  The original Notice of Case Closure
and Right to Sue issued in this case remains the only such notice provided by the CRD.
(Cal. Code Regs., tit. 2, § 10022.)

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
### Civil Rights Department
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Kanisha Morning

CRD No. 202401-23332621

Complainant,

vs.

United Veterinary Care CA, Inc.
,

United Veterinary Care, LLC
,

Respondents

_____

**1.** Respondent **United Veterinary Care CA, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.**Complainant is naming **United Veterinary Care, LLC** business as Co-Respondent(s).

**3**. Complainant **Kanisha Morning**, resides in the City of **,** State of **.**

**4**. Complainant alleges that on or about **January 20, 2024**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's medical condition (cancer or genetic characteristic), other, disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result of the discrimination was terminated, denied hire or promotion, reprimanded, denied equal pay, asked impermissible non-job-related questions, denied any employment benefit or privilege, other, denied work opportunities or assignments, denied accommodation for a disability, denied employer paid health care while on family care and medical leave (cfra), denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

Date Filed: January 20, 2024
Date Amended: January 20, 2024

CRD-ENF 80 RS (Revised 12/22)

1
2
3
4
5
6
7
8

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, participated as a witness in a discrimination or harassment complaint, requested or used family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result was terminated, denied hire or promotion, reprimanded, denied equal pay, asked impermissible non-job-related questions, denied any employment benefit or privilege, other, denied work opportunities or assignments, denied accommodation for a disability, denied employer paid health care while on family care and medical leave (cfra), denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

**Additional Complaint Details:**

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Date Filed: January 20, 2024
Date Amended: January 20, 2024

CRD-ENF 80 RS (Revised 12/22)

VERIFICATION

I, **Aanand Mehtani**, am the **Complainant** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On January 20, 2024, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Sherman Oaks, CA**

Date Filed: January 20, 2024
Date Amended: January 20, 2024

CRD-ENF 80 RS (Revised 12/22)